**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | Case No: **09-38264** |
| **Lif Esmael Modabberi** | DATED: **12/1/2009** |
| | Chapter: **13** |
| Debtor(s) | EIN: |
| Attorney Phone No: **(214) 740-1160** | Judge: |

*AMENDED 3/16/2010*
**DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION**
**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 5-25-06**

This Plan contains non-standard provisions in Section IV (last page): ☐ yes ☑ no

**A. DEBTOR PAYMENTS** DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF:

MONTHS 1 TO 60     $2,800.00   PER MONTH

FOR A TOTAL OF    **$168,000.00**    ("BASE AMOUNT").

FIRST PAYMENT IS DUE    **12/31/2009**   .

THE ESTIMATED UNSECURED CREDITORS POOL IS _____ calculated as: _____ (Disposable income per § 1325(b)(2)) x    **36 months**    (Applicable Commitment Period per § 1325(b)(4)), but not less than Debtor's equity in non-exempt property:    **$133,488.51**    pursuant to § 1325(a)(4).

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the plan, if any, are    **$0.00**    and shall be paid in full prior to disbursements to any other creditor.

2. **TRUSTEE FEES AND NOTICING FEES:** Trustee fees and any noticing fees shall be paid first out of each disbursement and as provided in General Order 2006-01.

3. **DOMESTIC SUPPORT OBLIGATIONS:** Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (as defined in § 101(14A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s). Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments:

| DSO CLAIMANT(S) | SCHEDULED AMOUNT(S) | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

**C. ATTORNEY FEES:** TO    **Polk & Associates**   , TOTAL: **$3,000.00** ; **$500.00** PRE-PETITION; **$2,500.00** THROUGH TRUSTEE. PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS. POST-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE MADE FROM FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE AND DSO CLAIMS AS PROVIDED ABOVE ('B') AND EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BEFORE ANY PAYMENT TO PRIORITY CREDITORS ('H' BELOW) OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

**D. HOME MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **Bank of America** | $1,839.27 | 3/31/2010 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Wachovia Mortgage** | $2,174.00 | 3/31/2010 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Washington Mutual** | $500.00 | 3/31/2010 | 0.00% | Month(s) 1-48 | Pro-Rata |

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

### E.(1) SECURED CREDITORS--PAID BY THE TRUSTEE

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **Chase Home Finance** 10633 Cotillion Dr. | $2,023.10 | $2,023.10 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Chase Home Finance** 3836 Morning Spring Trail | $4,631.95 | $4,631.95 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** Personal Home | $3,716.12 | $16,362.00 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** Personal Home | $4,000.08 | $12,645.88 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 7629 Anson Circle | $11,258.27 | $62,670.00 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 1809 Sandy Ln. | $1,053.71 | $1,053.71 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 1431 Melton Ln. | $246.88 | $246.88 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 7620 Anson Circle | $6,773.84 | $154,397.94 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 208 S. Haskell Ave. Personal Property | $668.53 | $668.53 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** 4017 Ross Ave. Personal Property | $84.75 | $84.75 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Dallas County Tax Collector** Personal Home 2010 | $3,858.49 | $8,645.80 | 12.00% | Month(s) 1-48 | Pro-Rata |
| **First State Bank** Investment Properties | $11,776.00 | $11,776.00 | 0.00% | Month(s) 1-48 | Pro-Rata |
| **Wachovia Mortgage** 7629 Anson Circle | $2,493.50 | $2,493.50 | 0.00% | Month(s) 1-48 | Pro-Rata |

### E.(2)(a) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--NO CRAM DOWN:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **City Bank** 2007 Cadillac CTS | $12,000.00 | $15,150.00 | 4.25% | Month(s) 1-48 | Pro-Rata |
| **Prosperity** 2006 Range Rover | $28,000.00 | $34,875.00 | 4.25% | Month(s) 1-48 | Pro-Rata |

### E.(2)(b) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--CRAM DOWN:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|

TO THE EXTENT THE VALUE AMOUNT IN E.(2)(b) IS LESS THAN THE SCHEDULED AMOUNT IN E.(2)(b), THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.

IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN PARAGRAPH E.(2)(b) THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR IN SATISFACTION OF THE CREDITOR'S CLAIM.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.

ABSENT SUCH OBJECTION, THE CREDITOR(S) LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED THEIR RIGHTS UNDER SECTION 1325(a)(5)(B) AND (C) OF THE BANKRUPTCY CODE.

THE VALUATION OF COLLATERAL AND INTEREST RATE TO BE PAID ON THE ABOVE SCHEDULED CLAIMS IN E(1) AND E(2)(a) AND (b) WILL BE FINALLY DETERMINED AT CONFIRMATION.  THE CLAIM AMOUNT WILL BE DETERMINED BASED ON A TIMELY FILED PROOF OF CLAIM AND THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC".)

EXCEPT FOR "VALUATION" AND "INTEREST RATE," CONFIRMATION HEREOF SHALL BE WITHOUT PREJUDICE TO THE DEBTOR'S, THE TRUSTEE'S, OR ANY SECURED CREDITOR'S RIGHT TO A LATER DETERMINATION OF THE ALLOWED AMOUNT OF ANY CREDITOR'S SECURED CLAIM.  TO THE EXTENT SUCH CLAIM IS ALLOWED FOR AN AMOUNT GREATER OR LESSER THAN THE "SCHEDULED AMOUNT" PROVIDED FOR ABOVE, AFTER THE TRCC IS FINAL, DEBTOR WILL MODIFY THE PLAN TO FULLY PROVIDE FOR SUCH ALLOWED SECURED CLAIM.

F.  **SECURED CREDITORS--COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

The Automatic Stay will terminate as to Collateral listed in this paragraph F. upon filing hereof but nothing in this Plan shall be deemed to abrogate any applicable non-bankruptcy law contract rights of the Debtor(s).

G.  **SECURED CREDITORS--PAID DIRECT BY DEBTOR**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| **Bank of America** <br> 7620 Anson Circle | $24,252.06 | $178,650.00 | |
| **Chase Home Finance** <br> 3836 Morning Spring Trail | $101,293.55 | $129,000.00 | |
| **Chase Home Finance** <br> 10633 Cotillion Dr. | $92,046.67 | $100,980.00 | |
| **First State Bank** <br> Investment Properties | $450,000.00 | $639,743.94 | |
| **Wachovia Mortgage** <br> 7629 Anson Circle | $102,550.00 | $165,220.00 | |
| **Wachovia Mortgage** <br> Personal Home | $151,358.00 | $167,720.00 | |
| **Washington Mutual** <br> Personal Home | $20,000.00 | $4,787.31 | |

H.  **PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| **Internal Revenue Service** | $8,100.00 | Month(s) 1-48 | Pro-Rata |

### I. SPECIAL CLASS:

| CREDITOR / JUSTIFICATION | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

### J. UNSECURED CREDITORS

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Advanta Bank Corp** | $3,882.00 | |
| **American Express** | $1,100.00 | |
| **Bank of America** | $18,659.72 | |
| **Capital One** | $5,253.00 | |
| **Capital One** | $2,304.00 | |
| **Capital One** | $3,000.00 | |
| **Chase** | $5,631.00 | |
| **Chase** | $520.07 | |
| **Chase** | $8,113.51 | |
| **Chase Bank** | $1,100.00 | |
| **Citi Cards** | $11,327.19 | |
| **Citi Flex Line** | $15,370.00 | |
| **City Bank Texas** | $11,153.00 | |
| **Ellis County Landfill** | $170,000.00 | |
| **Exxon Mobil** | $650.00 | |
| **First Equity Card** | $19,875.68 | |
| **Home Depot** | $5,462.00 | |
| **HSBC / Direct Rewards** | $1,158.37 | |
| **Michael D. Payma** | $0.00 | |
| **NCO Financial Systems, Inc.** | $352.64 | |
| **Probuild South L.L.C.** | $0.00 | |
| **Resurgent Capital Services** | $964.49 | |
| **RSC Rentals Corporate** | $21,000.00 | |
| TOTAL SCHEDULED UNSECURED: | $306,876.67 | |

UNSECURED CREDITORS ARE NOT GUARANTEED A DIVIDEND WHEN A PLAN IS CONFIRMED, SEE GENERAL ORDER 2006-01. ALLOWED GENERAL UNSECURED CLAIMS MAY RECEIVE A PRO-RATA SHARE OF THE UNSECURED CREDITORS' POOL, BUT NOT LESS THAN THE SECTION 1325(a)(4) AMOUNT SHOWN IN SECTION I "A" ABOVE LESS ALLOWED ADMINISTRATIVE AND PRIORITY CLAIMS, AFTER THE TRCC BECOMES FINAL.  A PROOF OF CLAIM MUST BE TIMELY FILED TO BE ALLOWED.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| **Alex Rosales** | Assumed | $0.00 | | |
| **Juan Gavolita** | Assumed | $0.00 | | |
| **Kyesha Elridge** | Assumed | $0.00 | | |
| **Maria Salinas** | Assumed | $0.00 | | |
| **Sandra Samental** | Assumed | $0.00 | | |

**L. CLAIMS TO BE PAID:**

'TERM (APPROXIMATE)' SHOWN HEREIN GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE PETITION DATE REQUIRED TO FULLY PAY THE <u>ALLOWED CLAIM.</u>  IF ADEQUATE PROTECTION PAYMENTS HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO <u>UNDER-SECURED</u> CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO <u>OVER-SECURED</u> CLAIMS.  *PAYMENT PURSUANT TO THIS PLAN WILL ONLY BE MADE TO SECURED, ADMINISTRATIVE, PRIORITY AND UNSECURED CLAIMS THAT HAVE BEEN ALLOWED OR THAT THE DEBTOR HAS AUTHORIZED IN AN ADEQUATE PROTECTION AUTHORIZATION.  GENERAL UNSECURED CLAIMS WILL NOT RECEIVE ANY PAYMENT UNTIL AFTER THE TRCC BECOMES FINAL.*

*THE "SCHED. AMT." SHOWN IN THIS PLAN SHALL NOT DETERMINE THE "ALLOWED AMOUNT" OF ANY CLAIM.*

**M. ADDITIONAL PLAN PROVISIONS:**

SEE SECTION IV ON LAST PAGE FOR ADDITIONAL PLAN PROVISIONS, IF ANY.

Case No. Case 09-38264-hdh13    Doc 50    Filed 03/16/10    Entered 03/16/10 18:14:29    Desc Main
Debtor(s):  Lif Esmael Modabberi            Document      Page 5 of 15

## SECTION II
## DEBTOR'S(S') CHAPTER 13 PLAN--GENERAL PROVISIONS
## FORM REVISED 5-25-06

**A. SUBMISSION OF DISPOSABLE INCOME**

Debtor(s) hereby submits such portion of future earnings or other future income as herein provided to the supervision and control of the Trustee as necessary for the execution of the Plan as herein provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I, Part "A" hereof. If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 USC 1325(a)(4) amount (Best Interest Test).

Payment of any claim against the Debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

**B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES**

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105(a), 503(b), 1326(b)(2), and 28 U.S.C. Sec 586(e)(1)(B). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586(e)(1)(B), shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule. No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

**C. ATTORNEY FEES**

Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C", shall be paid by the Trustee in the amount shown as "through Trustee", pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

**D. PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)**

Arrearage on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed pre-petition arrearage amount, and at the Annual Percentage of interest indicated in Section I, Part "D" herein. To the extent interest is provided, interest will be calculated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed pre-petition arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee. Unless otherwise provided, post-petition payments may be paid "Direct" by Debtor(s), beginning with the first payment due after the 'ARR. THROUGH' date in Section I, Part "D". Such creditors shall retain their liens. To the extent an arrearage claim is allowed in an amount in excess of the Sched. Arr. Amt., the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election. If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

**E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE**

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a). Such creditors shall retain their liens on the collateral described in Section I, Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

**E.(2)(a)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN**

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest.)  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

**E.(2)(b)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--CRAM DOWN**

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.

**IF THE "VALUE" SHOWN IN "E(2)(b)" ABOVE IS LESS THAN THE "SCHED. AMT." SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.**

**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR IN SATISFACTION OF THE CREDITOR'S CLAIM.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**

**ABSENT SUCH OBJECTION, THE CREDITOR LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(5)(B) AND (C) OF THE BANKRUPTCY CODE.**

To the extent a secured claim NOT provided for in Section I Part "D", "E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL**

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral, as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation.  Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec 506(a).

Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S)**

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section IV.

Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS**

All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim.  Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "SCHED AMT." shown in Section I Part "H" hereof.  The claims listed in Section I, Part "H" shall be paid their allowed amount by the Trustee in full as Priority without interest at the monthly amount indicated or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the Plan.

### I.  CLASSIFIED UNSECURED CLAIMS

Classified unsecured claims shall be treated as allowed by the Court.

### J.  GENERAL UNSECURED CLAIMS TIMELY FILED

All other claims not otherwise provided for herein shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the Petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and classified unsecured claims so long as each secured, priority, and classified unsecured creditor is receiving not less than its monthly installment as provided herein. If the indicated monthly amount is insufficient to fully pay the monthly payment provided for such allowed secured, priority or classified unsecured claim(s) respectively, the Trustee shall pay in the following order: each classification of such allowed secured claim(s), priority claim(s) and classified unsecured claim(s) pro rata until all such payments within each subclass are current, prior to any other payments to allowed general unsecured claims.

General unsecured claims totaling the amount indicated in Section I Part "J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors' pool estimated in Section I, Part "A" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims, or the estimated % (if any) shown above.

### K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As provided in Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assumes or rejects the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I Part "K".

### L.  CLAIMS TO BE PAID

See Section I, Part "L" of the Plan.

### M.  ADDITIONAL PLAN PROVISIONS

The provisions set forth in Section IV are additional Plan provisions not otherwise referred to herein.

### N.  POST-PETITION CLAIMS

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this Plan.

### O.  LATE FILED CLAIMS AND CLAIMS NOT FILED

Late filed unsecured claims on pre-petition debt shall be paid pro rata, only after all other timely filed unsecured claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims. Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

### P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

### Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

R. **BUSINESS CASE OPERATING REPORTS**

Upon confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

S. **NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS**

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

T. **DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL**

Debtor shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge, without consent of the Trustee or order of the Court after notice to the Trustee and all creditors. Upon conversion or dismissal of the case post confirmation, the Trustee shall disburse all funds on hand in accordance with this Plan.

U. **ORDER OF PAYMENT**

All claims shown in Section I, will be paid in the following order from each disbursement, to the extent allowed:

- 1st -- Administrative Fees and DSO claims in "B"
- 2nd -- Assumed lease and executory contract arrearage claims in "K"
- 3rd -- Specified monthly dollar amounts to secured claims in "D", "E(1)", and "E(2)"
- 4th -- Pro-rata among attorney fees in "C"
- 5th -- Pro-rata among secured claims in "D", "E(1)" and "E(2)"
- 6th -- Specified monthly dollar amounts to priority claims in "H"
- 7th -- Pro-rata among priority claims in "H"
- 8th -- Specified monthly dollar amounts to special class claims in "I"
- 9th -- Pro-rata among special class claims in "I"
- 10th -- Pro-rata among claims in "J" other than late filed and penalty claims
- 11th -- Pro-rata among late filed priority claims in "H"
- 12th -- Pro-rata among late filed general unsecured claims in "J"
- 13th -- Pro-rata among penalty claims in "J".

V. **TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE**

Pursuant to General Order 2006-01, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary. To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the Plan to provide for full payment of the allowed amount. After the TRCC becomes final, should the Plan then become infeasible and/or "insufficient", the Trustee shall be permitted to move the Court to dismiss the case for such reason.

**SECTION III**
**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby moves the Court to value the collateral described in Section I, Part "E" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim. **Any objection to valuation shall be filed at least five (5) business days prior to the date of the Trustee's pre-hearing conference regarding Confirmation, or be deemed waived.**

## SECTION IV
## ADDITIONAL PLAN PROVISIONS

Additional (non-standard) Plan provisions, if any, <u>CAPITALIZED, BOLD AND UNDERSCORED ARE AS FOLLOWS:</u>
**None.**

Respectfully submitted,          Case No.: **09-38264**

**/s/ Rustin S. Polk**
Rustin S. Polk, Debtor's(s') Attorney

**00784773**
State Bar Number

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: **Lif Esmael Modabberi**  
*Debtor*

CASE NO. **09-38264**

CHAPTER **13**

*Joint Debtor*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 16, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ Rustin S. Polk  
Rustin S. Polk  
Bar ID:00784773  
Polk & Associates  
214bankruptcy.com  
4514 Cole Ave, Suite 600  
Dallas, TX 75205-4193  
(214) 740-1160

| | | |
|---|---|---|
| Advanta<br>700 Dresher Rd.<br>Horsham, PA 19044-2206 | American General Finance<br>xxxxxxxxxxxx6219<br>3220 Gus Thomasson Rd, Suite 241<br>Mesquite, TX 75150 | Bank of America<br>xxxxxxxx5729<br>Attn: Bky SV-314B<br>P.O. Box 5170<br>Simi Valley, CA 93062 |
| Advanta<br>P.O. Box 3001<br>Malvern, PA 19355 | Bank of America<br>xxxxxxxx5729<br>Attn: Bky SV-314B<br>P.O. Box 5170<br>Simi Valley, CA 93062 | Becket & Lee<br>P.O. Box 3001<br>Malvern, PA 19355 |
| Advanta Bank Corp<br>xxxxxxxxxxxx4958<br>P.O. Box 844<br>Spring House, PA 19477 | Bank of America<br>P.O. Box 660807<br>Dallas, TX 75266 | Capital One<br>xxxxxxxx7697<br>Attn: TSYS Debt Mngmt.<br>P.O. Box 5155<br>Norcross, GA 30091 |
| American Express<br>xxxxxxxxxxxxx3492<br>c/o Becket & Lee<br>P.O. Box 3001<br>Malvern, PA 19355 | Bank of America<br>HOME EQUITY<br>P.O. Box 15019<br>Wilmington, DE 19886-5019 | Capital One<br>xxxxxxxx3264<br>Attn: TSYS Debt Mngmt.<br>P.O. Box 5155<br>Norcross, GA 30091 |
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265 | Bank of America<br>8034<br>P.O. Box 15019<br>Wilmington, DE 19886 | Capital One<br>P.O. Box 30285<br>Salt Lake City, UT 84130 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: **Lif Esmael Modabberi**  CASE NO. **09-38264**
*Debtor*

CHAPTER **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

Capital One
P.O. Box 85520
Richmond, VA 23285

Chase Home Finance
Attn: BKY G7-PP
3415 Vision Dr.
Columbus, OH 43219-6009

Citi Flex Line
100 Citibank Dr.
San Antonio, TX 78245-3202

Cara D. Kennemer
Goins, Underkofler, et al.
1201 Elm St, Suite 4800
Dallas, TX 75270

Chase Home Finance
CA2-0825
10790 Rancho Bernardo Rd.
San Diego, CA 92127-5705

City Bank
P.O. Box 5060
Lubbock, TX 79408

Chase
Attn: Bankruptcy Dept.
P.O. Box 1093
Northridge, CA 91328

Chase Home Finance
CA2-0825
10790 Rancho Bernardo Rd.
San Diego, CA 92127-5705

City Bank Texas
P.O. Box 5060
Lubbock, TX 79408

Chase
Attn: Bankruptcy Dept.
P.O. Box 260180
Baton Rouge, LA 70826

Chase Home Finance
Attn: BKY G7-PP
3415 Vision Dr.
Columbus, OH 43219-6009

Creditors Bankruptcy Services
P.O. Box 740933
Dallas, TX 75374-0933

Chase
Cardmember Services
P.O. Box 15145
Wilmington, DE 19850

Chase Home Finance
CA2-0825
10790 Rancho Bernardo Rd.
San Diego, CA 92127-5705

Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

Chase Bank
P.O. Box 94014
Palatine, IL 60094

Chase Home Loan
P.O. Box 78148
Phoenix, AZ 85062

Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

Chase Credit Card Services
P.O. Box 94014
Palatine, IL 60094-4014

Citi Cards
P.O. Box 183051
Columbus, OH 43218

Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: **Lif Esmael Modabberi**  CASE NO. **09-38264**
*Debtor*

CHAPTER **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard St, Suite 3800
Dallas, TX 75201

First State Bank
917 Military Pkwy.
Mesquite, TX 75149


Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

Ellis County Landfill
101 Main St.
Waxahachie, TX 75165-0405

GMAC
P.O. Box 130424
Roseville, MN 55113


Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

Exxon Mobil
Attn: Bankruptcy
P.O. Box 688938
Des Moines, IA 50368

Greg C. Noschese
Munsch, Hardt, Kopf & Harr
500 N. Akard St.
Dallas, TX 75201


Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

FIA Card Services
c/o PRA Receivables Mngmt.
P.O. Box 12907
Norfolk, VA 23541

Harley Davidson Financial
222 West Adams
Suite 200
Chicago, IL 60606


Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

First Equity Card
P.O. Box 23029
Columbus, GA 31902

Home Depot
P.O. Box 65300
Dallas, TX 75265


Dallas County Tax Collector
Attn: John R. Ames
500 Elm St, Records Building
Dallas, TX 75202

First Equity Card
P.O. Box 84075
Columbus, GA 31908

HSBC / Direct Rewards
Attn: Bankruptcy
P.O. Box 5250
Carol Stream, IL 60197


Dallas County Tax Office
500 Elm Street
Dallas, TX 75202

First State Bank
917 Military Pkwy.
Mesquite, TX 75149

HSBC Card Services
P.O. Box 17313
Baltimore, MD 21297

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: **Lif Esmael Modabberi**  CASE NO. **09-38264**
*Debtor*

CHAPTER **13**

*Joint Debtor*

# CERTIFICATE OF SERVICE
(Continuation Sheet #3)

| | | |
|---|---|---|
| Internal Revenue Service<br>Insolvency Administration<br>P. O. Box 21126<br>Philadelphia, PA 19114 | Northwest Bank<br>615 E. Byron Nelson Blvd.<br>Roanoke, TX 76262 | Resurgent Capital Services<br>Attn: Bky Depart.<br>P.O. Box 10587<br>Greenville, SC 29603-0587 |
| Internal Revenue Service<br>Insolvency Administration<br>P. O. Box 21126<br>Philadelphia, PA 19114 | Payma, Kuhnel & Smith<br>1401 Elm St, Suite 1800<br>Dallas, TX 75201 | RSC Equipment Rentals<br>2728 N. Westmoreland Rd.<br>Dallas, TX 75212 |
| IRS, MC4035DA1<br>1100 Commerce St.<br>Dallas, TX 75242-1001 | Point Bank<br>P.O. Box 278<br>Pilot Point, TX 76258-0278 | RSC Rentals Corporate<br>6929 E. Greenway Pkwy.<br>Suite 200<br>Scottsdale, AZ 85254 |
| Lif Esmael Modabberi<br>3883 Turtle Creek Blvd. #2010<br>Dallas, TX 75219 | Probuild South L.L.C.<br>350 N. St. Paul St.<br>Dallas, TX 75201 | Sherrel K. Knighton<br>Linebarger, Googan, Blair, et al.<br>2323 Bryan St, Suite 1600<br>Dallas, TX 75201 |
| Macy's<br>P.O. Box 8066<br>Mason, OH 45040 | Probuild South L.L.C.<br>12215 E. 62nd St.<br>Broken Arrow, OK 74012 | Texas Alcohol Beverage Comm.<br>License & Permit Division<br>P.O. Box 13127<br>Austin, TX 78711-3127 |
| Michael D. Payma<br>Payma, Kuhnel & Smith<br>4230 LBJ Frwy, Suite 121<br>Dallas, TX 75244 | Prosperity<br>1301 N. Mechanic<br>El Campo, TX 77437 | Texas Attorney General's Office<br>Bankruptcy Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| NCO Financial Systems, Inc.<br>P.O. Box 137<br>Columbus, GA 31902 | Recovery Management Systems<br>25 S.E. 2nd Avenue<br>Suite 1120<br>Miami, FL 33131-1605 | Texas Comptroller of Public Accts.<br>Revenue Division<br>P.O. Box 13528<br>Austin, TX 78711-3528 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: **Lif Esmael Modabberi**                                    CASE NO.  **09-38264**
_____
*Debtor*

_____                                    CHAPTER  **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #4)

Texas Workforce Commission
Regulatory Division
101 E. 15th St., Rom 556
Austin, TX 78778-0001

Wachovia Mortgage
P.O. Box 60505
City of Industry, CA 91716-0505

U.S. Attorney General
Dept. of Justice
Tenth & Constitution Ave, N.W.
Washington, DC 20530

Washington Mutual
P.O. Box 78148
Phoenix, AZ 85062-8148

Wachovia
1525 West W.T. Harris Blvd.
Charlotte, NC 28262-8522

Washington Mutual
P.O. Box 78148
Phoenix, AZ 85062-8148

Wachovia Bank
P.O. Box 13765
Roanoke, VA 24037-3765

Wells Fargo Financial
4137 121st Street
Urbandale, IA 50323

Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265

Wells Fargo Financial
3044 Old Denton Rd, Suite 1
Carrollton, TX 75007

Wachovia Mortgage
P.O. Box 60505
City of Industry, CA 91716-0505

Wachovia Mortgage
P.O. Box 659558
San Antonio, TX 78265