Michael W. Broome, P.C.
Michael W. Broome
8190 Precinct Line Road, Suite 101
Colleyville, Texas 76034
(P) 817-520-1030
(F) 817-520-1037

ATTORNEY FOR PROSPERITY BANK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** § | CASE NO. 09-38264-hdh13 |
| **Lif Esmael Modabberi,** § | CHAPTER 13 |
| **DEBTOR** § | JUDGE: Hale |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362
### (PERSONAL PROPERTY)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Prosperity Bank, Movant, a secured Creditor in the instant Bankruptcy and files this Motion.

**THE TRUSTEE OR DEBTOR SHALL FILE A RESPONSE TO THIS MOTION WITHIN TWELVE (12) DAYS FROM THE DATE OF SERVICE OF THIS MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THIS MOTION SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THES ALLEGATIONS SHALL NOT BE DEEMED ADMITTED AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, U.S. COURTHOUSE, 501 W. 10TH STREET, FORT WORTH, TEXAS, 76102.**

Movant, a secured creditor of Lif Esmael Modabberi, ("Debtor"), and files this Motion for Relief from the Automatic Stay under 11 U.S.C. § 362, (Personal Property), pursuant to § 362(d) of the Bankruptcy Code and in support thereof would respectfully show the Court:

1. A voluntary Petition for relief under Chapter 13 of the Bankruptcy Code was filed by Debtor on December 1, 2009, ("Filing Date").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and §1334. This Motion commences a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Movant is the owner and holder of a contractual debt secured by a first and superior lien against Debtor's personal property asset, a 2006, Land Rover, VIN SALSF25476A930200, ("Property"). The debt instrument, a Promissory Note, ("Note"), dated 10/31/2006, is attached hereto as Exhibit "A." A Security Agreement granting to Bank a lien against the Property is attached hereto as Exhibit "A" and incorporated herein by reference.

4. Movant timely filed a Proof of Claim in this matter.

5. Debtor has defaulted under the terms of the Note, attached hereto as Exhibit "A." Movant's Proof of Claim reflect an amount owed to Movant of $25,716.78, on the Note.

6. Debtor is two post-petition payments delinquent under the terms on the Note.

7. Debtor is unable to make payments of principal and interest to Movant which results in loss and harm to Movant.

8. Movant is prevented from foreclosing on the Property because Debtor filed its Chapter 13 Petition.

9. By reason of the forgoing, cause exists for vacating the Automatic Stay provided for under § 362 of the Bankruptcy Code, ("Stay"), because the delay in foreclosing on the Property resulting from the Stay does not benefit Movant or any Creditor, but on the contrary, causes further harm and damage to Movant.

10. Debtor has little or no equity in the Property. The fair market of the Property is less than the amount Debtor owes to Movant.

11. Movant lacks adequate protection for its interest in the Property because:

    (a) Debtor has little or no equity in the Property;

    (b) Debtor apparently has insufficient income from which to make periodic cash payments to Movant; and,

    (c) Debtor is in post-petition default.

12. Pursuant to § 362(d), of the Bankruptcy Code, Movant is entitled to relief from the Stay on at least the following grounds:

    (a) Debtor has little or no equity in the Property;

    (b) Movant lacks adequate protection for its interest in the Property;

    (c) Debtor is in post-Petition default.

13. Pursuant to the terms of the Note, Debtor is liable for all costs and attorney's fees incurred by Movant for collection of the indebtedness represented the Note. Therefore, Movant is entitled to recover its reasonable attorney's fees and costs as a result of having to file this Motion and pursuing the prosecution of this Motion.

WHEREFORE, Movant prays that the Court enter an Order vacating the automatic stay as it affects the Property and all rights of Movant in and to the Property, including the right to foreclose and resell the Property and thus terminating the interests of Debtor in and to the Property; to take such action as is provided in the Note and Security Agreement; awarding Movant its reasonable attorney's fees and costs and for such other relief as is just.

Respectfully Submitted,
MICHAEL W. BROOME, PC

_____
Michael W. Broome
8190 Precinct Line Rd., Suite 101
Colleyville, Texas 76034
(P) 817-520-1030
(F) 817-520-1037
Bar No. 03082300
ATTORNEY FOR MOVANT

### Certificate of Conference

I certify that I attempted to contact __DEBTOR__, on March 17, 2010, to gain agreement on the foregoing Motion. My attempt at contact was unsuccessful.

### Certificate of Service

I, Michael W. Broome, hereby certify that I served the foregoing Motion for Relief from Automatic Stay, via electronic mail and/or first-class mail, postage prepaid, to the following:

CHAPTER 13 TRUSTEE:
Thomas Powers
125 East John Carpenter Freeway, Suite 1100
Irving, Texas 75062

DEBTOR:
Lif Esmael Modabberi
1401 Elm Street, Suite 1818
Dallas, Texas 75202


Dated this 18th day of March, 2010

_____
Michael W. Broome

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $53,100.00 | 10-31-2006 | 11-01-2011 | 28638 | / 04 | 2510766 | CDJ1 | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** LIF MODABBERI
3883 TURTLE CREEK BOARDWALK #2010
DALLAS, TX 75219

**Lender:** Northwest Bank
Main Office-Roanoke
615 Byron Nelson Blvd
PO Box 2000
Roanoke, TX 76262

---

**Principal Amount:** $53,100.00  **Interest Rate:** 8.250%  **Date of Note:** October 31, 2006

**PROMISE TO PAY.** I ("Borrower") promise to pay to Northwest Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Fifty-three Thousand One Hundred & 00/100 Dollars ($53,100.00), together with interest at the rate of 8.250% per annum on the unpaid principal balance from October 31, 2006, until maturity. The interest rate may change under the terms and conditions of the "POST MATURITY RATE" section.

**PAYMENT.** I will pay this loan in 60 payments of $1,083.30 each payment. My first payment is due December 1, 2006, and all subsequent payments are due on the same day of each month after that. My final payment will be due on November 1, 2011, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**AMOUNT FINANCED.** The Amount Financed under this Note is $53,100.00.

**PREPAYMENT.** I may prepay this Note in part or in full at any time before final maturity, whether by cash, a new loan, renewal, or otherwise. Prepayment in full shall consist of payment of the remaining unpaid principal balance together with all accrued and unpaid interest and all other amounts, costs and expenses for which I am responsible under this Note or any other agreement with Lender pertaining to this loan, and in no event will I ever be required to pay any unearned interest. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Northwest Bank, Main Office-Roanoke, 615 Byron Nelson Blvd, PO Box 2000, Roanoke, TX 76262.

**LATE CHARGE.** If a payment remains unpaid after 10 days or more, I will be charged 5.000% of the payment or $25.00, whichever is less.

**POST MATURITY RATE.** I will continue to pay interest on all sums due after final maturity, whether by acceleration or otherwise, at the note rate in effect at the time of the final maturity.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable, it may be cured if I, after receiving written notice from Lender demanding cure of such default: (1) cure the default within thirty (30) days; or (2) if the cure requires more than thirty (30) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire indebtedness, including the unpaid principal balance under this Note, all accrued unpaid interest, and all other amounts, costs and expenses for which I am responsible under this Note or any other agreement with Lender pertaining to this loan, immediately due, without notice, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire an attorney to help collect this Note if I do not pay, and I will pay Lender's reasonable attorneys' fees. I also will pay Lender all other amounts Lender actually incurs as court costs, lawful fees for filing, recording, releasing to any public office any instrument securing this Note; the reasonable cost actually expended for repossessing, storing, preparing for sale, and selling any security; and fees for noting a lien on or transferring a certificate of title to any motor vehicle offered as security for this Note, or premiums or identifiable charges received in connection with the sale of authorized insurance.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Texas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Texas.

**CHOICE OF VENUE.** If there is a lawsuit, and if the transaction evidenced by this Note occurred in Denton County, I agree upon Lender's request to submit to the jurisdiction of the courts of Denton County, State of Texas.

**DISHONORED CHECK CHARGE.** I will pay a processing fee of $25.00 if any check given by me to Lender as a payment on this loan is dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein: a motor vehicle described in a Consumer Security Agreement dated October 31, 2006. To the extent collateral previously has been given to Lender by any person which may secure this loan, whether directly or indirectly, it is specifically agreed that, to the extent prohibited by law, all such collateral consisting of household goods or real property will not secure this loan. In addition, if any collateral requires the giving of a right of rescission under Truth in Lending for this loan, such collateral also will not secure this loan unless and until all required notices of that right have been given.

## PROMISSORY NOTE
## (Continued)

Loan No: 28638     Page 2

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS. NOTICE:** Under no circumstances (and notwithstanding any other provisions of this Note) shall the interest charged, collected, or contracted for on this Note exceed the maximum rate permitted by law. The term "maximum rate permitted by law" as used in this Note means the greater of (a) the maximum rate of interest permitted under federal or other law applicable to the indebtedness evidenced by this Note, or (b) the higher, as of the date of this Note, of the "Weekly Ceiling" or the "Quarterly Ceiling" as referred to in Sections 303.002, 303.003 and 303.006 of the Texas Finance Code. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. I do not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Texas (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to me. The right to accelerate maturity of sums due under this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of sums due hereunder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan evidenced by this Note until payment in full so that the rate or amount of interest on account of the loan evidenced hereby does not exceed the applicable usury ceiling. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this Note, and notice of acceleration of the maturity of this Note. Notwithstanding any other provision of this Note, I do not waive any right accruing to me under the provisions of the Texas Finance Code. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**BORROWER:**

X _____
LIP MODABBERI

**LENDER:**

NORTHWEST BANK

X _____
Authorized Signer

LASER PRO Lending, Ver. 5.31.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2008. All Rights Reserved. - TX C:\CFI\LPL\D20.FC TR-8139 PR-2